FAULKNER, Justice
(dissenting).
I dissent.
This case results from the fact that Bossy, the cow, and the consumer can not get together. At a time when she is producing the most milk, the consumer is drinking it the least. Surpluses, therefore, are created because Bossy can not be turned off. What to do, and how to compensate the producer for this surplus milk confronted the Commission. From its deliberation, Order No. 2-76 was adopted.
Order No. 2-76 permitted farmers, as well as distributors, to receive a share of the profits from sales of buttermilk made from powder and allowed the distributors *282 to recoup most of the increased cost through an increase in their selling price. Producers are paid for the milk they deliver to a distributor according to the way the distributor uses the milk. Class I milk is sold by the distributor in fluid form and brings a higher price. Class II milk is that which is produced in excess of the Class I needs of the distributor and which, as a surplus, brings a lower price. Under Order No. 2 — 76 the distributor, if he received surplus milk, can use it in making buttermilk or he can use powder, but if he sells buttermilk made from powder, he must pay for an equivalent portion of the surplus milk as though the surplus milk had been used to make the buttermilk, i.e., at the Class I price. A carry-over provision allows a farmer, when he has not shipped surplus milk equal to his share of the plant’s sale of buttermilk made from powder, a credit which can be carried until he does ship surplus milk.
Some distributors, including Delview Meadow Gold, filed a petition for certiorari in the Circuit Court of Montgomery County, asserting that the regulation was beyond the power of the Commission, that it was unreasonable and violated the due process clause of the United States Constitution, and that it imposed additional costs on them, thereby reducing their profit margin. The petition for certiorari was granted and the lower court invalidated the order as being contrary to Dark’s Dairy v. Ala. Milk Control Bd., 278 Ala. 693, 180 So.2d 527 (1965). The Alabama Dairy Commission and Associated Milk Producers, Inc., a milk farmer cooperative, appeal this decree.
The issue here is whether the Alabama Dairy Commission in promulgating Order No. 2-76 exceeded its power and authority under Title 22, §§ 205-31, Code of Ala. 1940 (Recomp.1958) (as amended), invalidating the order.
The Circuit Court found that Order No. 2-76 was contrary to Dark’s Dairy and thus invalid. I agree with the lower court in holding that Dark’s Dairy is controlling.
In that case this court considered a Milk Control Board order classifying fat buttermilk on the basis of sales of 99% of all buttermilk rather than on the distributor’s usage of fresh milk. Order No. 2-76 is substantially similar to that earlier regulation, as both required distributors to account for sales of buttermilk as premium price sales, regardless of whether the buttermilk was made from fresh milk or powder.
The facts of the two cases are not significantly different. That here the Dairy Commission granted a concomitant price increase to allow the distributors to recoup most of their increased costs resulting from the new regulation, while it did not in Dark’s Dairy, is irrelevant to the question of arbitrariness of the order.
In Dark’s Dairy this court held that a regulation which results in producers being paid a premium price for milk that is surplus is beyond the power of' the Board. Order No. 2-76 would bring the same results and is, therefore, beyond the power of the Commission. It does not matter whether the distributors use powder to make buttermilk all the time or only when there is an insufficient supply of fresh milk; the distributors will have to pay a Class I price for milk whenever they make their buttermilk from powder, for whatever reason, whether greater profit, convenience or necessity. This violates § 223(1) which states in pertinent part:
“When in the judgment of the dairy commission, it is necessary or advisable, due to seasonable fluctuations or other unstable conditions, in order to promote a proper balance between the supply of and the demand for milk, to fix a lesser minimum price for milk which is produced in excess of what is needed for fluid milk consumption, the dairy commission may establish the quantity of milk for which the distributor or milk dealer shall pay the fluid or base milk price, and may establish a lesser minimum price for milk which is produced in excess of what is needed for fluid milk consumption. For this purpose, the dairy commission may compute said quantity upon a uniform system of plant usage, classifying milk *283 according to its various usage and establishing different minimum prices which the milk dealer or distributor shall pay for each classification, or the dairy commission may, if it deems it most advisable, establish a base surplus system, placing all milk sold by a plant for fluid milk consumption, including all milk as defined in the definition of fluid milk in one classification, establishing a minimum price therefor and all milk processed by such distributor or milk dealer into by-products into another classification, and fixing a lesser minimum price for said surplus milk so used in the byproducts classification, or the dairy commission may use a combination of both systems.” (Emphasis added.)
The milk which the buttermilk distributor must buy under Order No. 2 — 76 is milk which is produced in excess of what is needed for fluid milk consumption and is thus due to come under the lesser minimum price, not the premium price. Whether the Commission computes the quantity of milk for which the distributor pays the fluid milk price upon a plant usage system, a plant sales system or a combination of both, Order No. 2 — 76 is arbitrary and unreasonable. The milk which the powder buttermilk distributors are required to purchase is neither used nor sold by the plant for fluid milk consumption but is nevertheless priced as such. The Commission lacks authority to pass an order that in effect makes distributors pay a premium price for milk not used in a premium product.
None of the arguments made by the Dairy Commission are sufficient to overrule Dark’s Dairy. Therefore, the Circuit Court properly decided this case on the basis of Dark’s Dairy.
I would affirm the trial court.
BLOODWORTH, J., concurs.